# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2010

No. 09-30394
Summary Calendar

Lyle W. Cayce
Clerk

THEODORE JOHNSON,

Plaintiff - Appellant

v.

FEDERAL EMERGENCY MANAGEMENT AGENCY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-3409

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Theodore Johnson, proceeding *pro se* and *in forma pauperis*, appeals the denial of his motion for preliminary injunctive relief preventing the Federal Emergency Management Agency (FEMA) from evicting him from a Government-provided trailer home. Johnson was provided with the trailer for temporary emergency housing following Hurricane Katrina.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30394

"A preliminary injunction is an extraordinary remedy that should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest." *Ridgely v. FEMA*, 512 F.3d 727, 734 (5th Cir. 2008). "The [district court's] ultimate decision to grant a preliminary injunction is reviewed for abuse of discretion." *Id.*

Even liberally construing Johnson's pleadings, the district court found that he had not made the requisite showing for injunctive relief, determining that Johnson had not shown a likelihood of success on the merits. We find no error and, accordingly, no abuse of discretion in this decision.

Johnson has not shown any likelihood of success on the merits; FEMA's decision to provide housing assistance is discretionary. *See Ridgely*, 512 F.3d at 736 ("[A]lthough [the Stafford Act, 42 U.S.C. § 5121] and the regulations set out eligibility criteria for the receipt of continued rent assistance, they contain no 'explicitly mandatory language' that entitles an individual to receive benefits if he satisfies that criteria."). As in *Ridgely*,

> Plaintiffs argue that FEMA must provid[e] assistance on a continuing basis for as long as disaster-related needs exist. But this argument reads too much into what is essentially a hortatory statement of purpose for the entire Stafford Act. [The relevant provision] contains no mandatory language compelling FEMA to provide continuing payments of rental assistance to all eligible applicants on an ongoing basis. . . . [T]his provision cannot support a statutory entitlement to a stream of continued rent assistance payments when the specific statute and regulations that implement the rental assistance program contain no such directive and leave the questions of what type of assistance to provide and how and when to provide it to FEMA's discretion.

No. 09-30394

*Id.* at 739; *accord St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 324–25 (5th Cir. 2009) (determining that language in the Stafford Act that "Federal agencies *may* . . . provide assistance . . . ." was "cast in discretionary terms").

We need not reach the other conjunctive elements necessary for preliminary injunctive relief because Johnson has shown no likelihood of success on the merits. *See La Union Del Pueblo Entero v. FEMA*, 608 F.3d 217, 220 (5th Cir. 2010) (reversing grant of preliminary injunction, without considering all elements, because movant failed to show any likelihood of success on the merits). We will not consider Johnson's other arguments raised for the first time on appeal. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (per curiam). The district court did not abuse its discretion in denying Johnson's requests for preliminary injunctive relief.

AFFIRMED.